1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| WILLIAM LEWIS, | No. CV 07-06857-R (VBK) |
| Petitioner, | MEMORANDUM AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING PETITIONER'S REQUEST FOR A STAY |
| v. | |
| DEBRA DEXTER, | |
| Respondent. | |

**INTRODUCTION**

On October 23, 2007, William Lewis (hereinafter referred to as "Petitioner"), filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 ("Petition"). In accordance with the Court's Order Requiring Response to Petition, on January 8, 2008, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus; Memorandum of Points and Authorities in Support; Exhibits" ("MTD"), contending that the Petition should be dismissed on the grounds that it is unexhausted. Petitioner filed an "Appeal" which the Court has construed as an Opposition to the MTD on March 13, 2008.

The matter has been deemed submitted and is now ready for a

decision.   Having reviewed the allegations in the Petition, the matters set forth in the MTD and Opposition, **IT IS HEREBY ORDERED** that the MTD be denied and Petitioner's request for a Stay be granted.

## BACKGROUND

Following a jury trial in the Los Angeles County Superior Court, Petitioner was convicted of assault with force likely to produce great bodily injury, in violation of Penal Code ("PC") §§245(a)(1), kidnapping in violation of PC §207(a), with the special finding that the kidnapping occurred during the commission of a rape within the meaning of PC §667.61(b) and rape in violation of PC §261(a)(2).   Petitioner admitted to sustaining prior serious felony convictions within the meaning of PC §§667(a)-(i), 1170.12(a)-(d) and a prior prison term within the meaning of PC §667.5(b). (Lodged Document 1 at 2.)

Petitioner appealed his conviction to the California Court of Appeal. On appeal, the California Court of Appeal affirmed the assault and rape charges and the kidnapping charge was reversed. The matter was then remanded for readjudication of the priors after the California Court of Appeal found insufficient advisements were given. (Lodged Document 1 at 28-33.)

Petitioner filed a Petition for Review in the California Supreme Court (Lodged Document 2) that was dismissed on September 22, 2004.(Lodged Document 3)

Petitioner made a motion for substitute counsel when he returned to the trial court and was reassigned the same attorney who represented him during his trial.   The motion was denied.

(Lodged Document 6 at 2-8.)  Following trial on the priors, the two prior conviction allegations were found true.  Petitioner was sentenced to 42 years to life. (Lodged Document 6 at 2.)

Petitioner filed a Petition for Writ of Habeas Corpus in the Los Angeles Superior Court on April 13, 2005 (Lodged Document 4) that was denied on the same day. (Lodged Document 5.) Petitioner's second appeal in the California Court of Appeal was rejected on May 5, 2006. (Lodged Document 6 at 1.)  Petitioner filed a Petition for Review in the California Supreme Court on June 2, 2006 (Lodged Document 8), which was denied on July 12, 2006.(Lodged Document 9.)

**PETITIONER'S CONTENTIONS**

Petitioner contends the following, *inter alia*:

1.   Jury misconduct;

2.   Ineffective assistance of counsel;

3.   Insufficiency of the evidence;

4.   Malicious prosecution; and

5.   Good faith mistake jury instruction.

(*See* Petition at 5-6.)

**DISCUSSION**

Respondent contends that the within Petition is a "mixed" petition and is unexhausted as Petitioner failed to exhaust Grounds One through Four in the California Supreme Court.

Federal habeas petitioners challenging the legality of custody pursuant to a state court judgment must first exhaust any remedies available in the state courts, unless circumstances exist

3

1   which make such remedies ineffective.  (28 U.S.C. §2254(b)(1))

2   This exhaustion requirement is not met if a petitioner has the

3   right, under state law, to raise the claims presented in any

4   available state procedure.  (28 U.S.C. §2254(c))  A state, through

5   counsel, may waive the exhaustion requirement, but must do so

6   expressly.  (28 U.S.C. §2254(b)(3))

7        The exhaustion requirement is designed to protect the role of

8   the state courts in the enforcement of federal law and to prevent

9   disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S.

10  509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  A petitioner

11  has exhausted state remedies if he has fairly presented each and

12  every one of his federal claims to the highest state court with

13  the jurisdiction to consider them.  Duncan v. Henry, 513 U.S. 364,

14  365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam), citing

15  Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d

16  438 (1971); Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir. 1992).

17  A claim has been fairly presented if the petitioner has described

18  the operative facts and legal theory upon which his claim is

19  based.  Bland v. California Department of Corrections, 20 F.3d

20  1469, 1473 (9th Cir.), cert. denied 513 U.S. 947 (1994).  Further,

21  the petitioner must have alerted the state court that a claim is

22  asserted under the United States Constitution.  Duncan, 513 U.S.

23  at 365; Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996).  If

24  a petitioner fails to alert the state court to the fact that he is

25  raising a federal constitutional claim, his federal claim is

26  unexhausted regardless of its similarity to the issues raised in

27  state court.  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998);

28  citing Johnson, 88 F.3d at 829; see also Crotts v. Smith, 73 F.3d

4

1  861, 865 (9th Cir. 1996).

2  Unless the state expressly waives the exhaustion requirement,

3  a federal court cannot grant relief requested in a state

4  prisoner's habeas petition if the prisoner has not exhausted state

5  remedies with respect to each and every claim contained in the

6  petition.   28 U.S.C. §2254(b)(1); Reutter v. Crandel, 109 F.3d

7  575, 578 (9th Cir.), cert. denied, 118 S. Ct. 142 (1997) (even

8  petitions containing both exhausted and unexhausted claims are

9  subject to dismissal).

10  Petitioner has acknowledged non-exhaustion by filing a

11  request on March 13, 2008 to hold the within proceedings in

12  abeyance while he seeks to exhaust Grounds One through Four in

13  state court. (Opposition at 2.)

14  In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535

15  (2005), the United States Supreme Court held that a federal

16  district court may stay a mixed habeas petition to allow a

17  petitioner to present unexhausted claims to the state court.   A

18  District Court should stay, rather than dismiss, a mixed habeas

19  petition if the Petitioner has good cause for his failure to

20  exhaust, his unexhausted claims are meritorious, and there is no

21  indication that the petitioner engaged in intentionally dilatory

22  litigation tactics. Id. at 278.

23  In Rhines, the Supreme Court noted that because of the total

24  exhaustion requirement in Rose v. Lundy, 455 U.S. 509, 518-19, 102

25  S.Ct. 1198 (1982) and AEDPA's one-year statute of limitations,

26  petitioners with mixed petitions "run the risk of forever losing

27  their opportunity for any federal review of their unexhausted

28  claims." Rhines, 125 S.Ct. at 1533.   This risk arises because a

petitioner could be faced with a choice of either striking his unexhausted claims and going forward with an exhausted petition or allowing the whole petition to be dismissed, without prejudice, as mixed.  Under the first option, if Petitioner's original petition had already been decided on the merits, he could not include the newly exhausted claims in a subsequent petition, as the second petition would be subject to the strict limitations AEDPA places on successive petitions.  <u>See</u> 28 U.S.C. §2244(b).  The second option available under <u>Rose</u> is no more desirable for a petitioner given the fact that AEDPA's one-year statute of limitations will likely have run before a petitioner is able to fully exhaust state court remedies on the mixed petition and return to federal court. <u>Rhines</u>, 125 S.Ct. at 1533-34.

In light of the above circumstances, <u>Rhines</u> concluded that a District Court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.  In making this determination, however, the Court held that the stay and abeyance procedure must be applied consistently with AEDPA's twin purposes: "reducing delays in the execution of state and federal criminal sentences" and encouraging "petitioners to seek relief from state courts in the first instant." <u>Rhines</u>, 125 S.Ct. at 1534.  As a result, <u>Rhines</u> cautioned, a stay and abeyance should be available only in limited circumstances, and is appropriate only when the District Court determines that there was "good cause" for the failure to exhaust.  <u>Rhines</u>, 125 S.Ct. at 535.

//

//

6

**STAY AND ABEYANCE**

**A.    Good Cause Standard.**

In <u>Riner v. Crawford</u>, 415 F.Supp.2d 1207, 1211 (D. Nev. 2006), the District Court held that "the good cause standard applicable in consideration of a request for a stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of the case or by circumstances over which he has little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence." <u>Id</u>. at 1211.

Petitioner alleges that his attorney in his state appeal failed to raise all of his claims because the "Appellate project does not pay her for extensive investigation." The Court finds that Petitioner has satisfied good cause exists.

**B.    Petitioner's Unexhausted Claims Are Potentially Meritorious.**

Petitioner contends that his claims are meritorious relating to the ineffective assistance of trial counsel. Petitioner could not have raised these claims while his case was pending. (<u>See</u> <u>In Re Robbins</u>, 18 Cal.4th 770, 815, fn. 35 (1998) [timeliness of such a claim runs from the day upon which the petitioner (or any counsel representing the petitioner) knew, or reasonably should have known of, the information offered in support of the claim of ineffective assistance of appellate or prior habeas corpus counsel].

7

Petitioner's unexhausted claims appear colorable and there is no indication that Petitioner engaged in delaying tactics. Prior to staying a mixed petition, a Court need not require that the Petitioner delete the unexhausted issues, as previously required by Ninth Circuit case law. <u>Jackson v. Roe</u>, 425 F.3d 654, 659-61 (9th Cir. 2005).

<u>**ORDER**</u>

**IT IS HEREBY ORDERED** that (1) Respondent's Motion to Dismiss is denied; (2) Petitioner's Request for a Stay is granted, provided Petitioner files a Status Report with this Court every 30 days advising the Court on the status of his state habeas petition pending in the California Supreme Court, and within 60 days from the date of the California Supreme Court's decision (assuming the California Supreme Court denies the petition) notifies this Court of the decision.

Petitioner is cautioned that should he fail to act within these time frames, the Court will order the Stay vacated <u>nunc pro tunc</u> and he will not be allowed to raise additional claims in this action.

DATED:   March 27, 2008             /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE